### R. K. CHATHAM v. S. D. MAY.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Practice*—Objection to a judgment should be specific enough to point out the particular error complained of.

*Same—Evidence.*—See the opinion for evidence held sufficient to support the judgment, and such as, in fact, would have supported no other judgment than that rendered.

Appeal from Coryell county.

*Vardeman & Atkinson*, for appellant.

STATEMENT.

This was a suit to try the right of property to a certain gin house, instituted by R. K. Chatham against S. D. May.

The parties, with the approval of the judge, submit an agreed statement of the record, from which it appears that the plaintiff, S. D. May, brought this suit against one J. Lynn, for the possession of the following described property, viz.: "One certain frame building, 26 feet by 56 feet, two stories high, and known as Lynn's "gin house," situated in Coryell county, Texas, and about 200 yards west of south of Weston's Mill."

The plaintiff caused the property to be levied on by writ of sequestration on the 28th of July, 1880. The sheriff valued the same at $300.

On the 8th of November, 1880, R. K. Chatham & Co. filed oath and claim bond as claimants of the property, and received the property and still holds the same.

The claimant tendered as the issue which was accepted and acted upon by the court, which was accepted and acted upon by the court,

whether he was entitled to recover by virtue of a certain deed of trust from J. Lynn to R. K. Chatham & Co., and a deed made to R. K. Chatham under the same. The cause was tried by the court without a jury ; judgment was rendered for the plaintiff, S. D. May, and the claimant appealed and assigns as error :

1. That the court erred in holding the deed of trust from Jose Lynn to R. K. Chatham & Co., void for want of a sufficient description of the property in controversy in this suit.

2. The court erred in rendering judgment for the plaintiff for the property in controuersy in this suit.

### OPINION.

The first ground assigned as error is not supported by the record, as it does not appear from the judgment of the court or otherwise, upon what special or particular ground it was, on which the court rendered its judgment. The only question therefore presented is, whether the evidence sustains the judgment.

The burden of proof was on the claimant to show that he was entitled to the right and psssession of the gin house, as against the plaintiffs claim of ownership, which he asserted by virtue of a decree of the district court in favor of Ross & Co. against said Lynn, foreclosing a lien on said building, order of sale under said judgment, sale made under that order, and purchase by the plaintiff, S. D. May, February 17, 1880; also a judgment which said plaintiff introduced in evidence, rendered by the district court of Coryell county in cause No. 817, which gives said May his writ of possession of said gin house against Lynn.

It does not appear from the statement of facts at what date it was that W. J. Barrett, as agent of the trustee under the deed of trust from Lynn to Chatham & Co., conveyed the property in question to the claimant ; nor does it appear what was the date or the character of the lien on the property which was held by Ross & Co. A title, apparently regular and valid, under the decree rendered to satisfy that lien, and which, from aught that appears to the contrary, may have been the older and superior title, is shown to have been vested in May, who had besides, a judgment giving him a writ of possession for the property.

It does not appear from the statement of facts that Barrett was ever authorized to act as agent by R. K. Chatham, trustee, or that

he ever sold said property according to the terms and conditions prescribed by the deed of trust.

Upon these fact it is clear that no other judgment could properly have been rendered than one for the plaintiff, May. The judgment ought to be affirmed.

Report of Commissioners of Appeals examined, their opinion adopted and the judgment affirmed.

Opinion by Walker, Presiding Commissioner, adopted.